**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHICAGO TITLE CO., | CASE NO. CV F 07-285 LJO DLB |
| Plaintiff, | **ORDER AFTER HEARING ON ORDER TO SHOW CAUSE; SANCTIONS AGAINST EDWARD RUSSELL FOR $10,000.00** |
| vs. | |
| CECIL MORRIS, et al. | |
| Defendants. / | |

On September 10, 2007, this Court issued an order to show cause for attorney Edward Russell's failure to register for the Court's electronic filing system. (See Local Rule 5-135.) The September 10, 2007 order to show cause set a hearing date for September 25, 2007 at 8:30 a.m. in Department 4 of this Court and required Attorney Russell to personally appear. Attorney Russell failed to appear at the hearing on the order to show cause.

Previously, on August 6, 2007, attorney Russell was given notice by the Clerk of this Court directing him to register for the Court's electronic filing system. Again on August 20, 2007, this Court ordered Attorney Russell to show cause in writing no later than August 27, 2007 why sanctions should not be imposed for failing to register. Attorney Russell failed to comply with either of this orders, failed to comply with the September 10, 2007 order, and failed to appear at the order to show cause hearing. All orders were served by first class mail to the address for Attorney Russell on file with this Court. (Local Rule 83-182 (attorneys are under a continuing duty to notify the Court of any change of address).) There is no indication that the mail was not received.

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986). This Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). The determination to sanction is subject to a court's sound discretion. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996). This Court's Local Rule 83-184(a) addresses attorney discipline and provides:

> In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

Here, Attorney Russell has ignored multiple Court orders directing him to perform specific action. Accordingly, this Court finds that Attorney Russell is sanctioned in the amount of $10,000.00 (ten thousand) payable to the Court within ten (10) days of the date of this Order. Should Attorney Russell fail to pay the sanctions within the time allotted, this Court will issue an Order to Show Cause re Contempt.

In addition, the Court finds it appropriate to sanction Chicago Title by denying Chicago Title any recovery of attorneys fees and/or costs related to the filing and prosecuting of this interpleader action.

IT IS SO ORDERED.

**Dated:   September 25, 2007**            **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE