IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICAGO TITLE CO., | CASE NO. CV F 07-0285 LJO DLB |
| Plaintiff, <br> vs. | **MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| CECIL MORRIS, REBA MORRIS, UNITED STATES OF AMERICA, HABITAT FOR HUMANITY, CITY OF FRESNO. | |
| Defendants. / | |

By notice filed on July 30, 2007, Defendant United States of America moves for summary judgment against the interpleader funds deposited by plaintiff Chicago Title. Defendant Habitat for Humanity filed a notice of non-opposition to the motion on July 31, 2007. Defendant City of Fresno did not file an opposition. Defendant Cecil Morris and Reba Morris did not file an opposition.

On September 4, 2007, the Court issued an order indicating that it was prepared to rule on the motion for summary judgment, but that the interplead funds had not yet been deposited with this Court. The Court indicated that once the funds were deposited, it would rule on the motion. On November 9, 2007, the interpleader funds were deposited in the Court. Thereafter, the Court directed movant United States to submit updated information on the amount at issue. On November 20, 2007, the United States submitted its information. On November 21, 2007, defendant Reba Morris submitted a statement of non-opposition. No other opposition or non-opposition has been filed.

Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument, and the hearing was vacated. Having considered the moving and non-opposition, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

This is an interpleader action filed by plaintiff Chicago Title in Fresno County Superior Court. Plaintiff alleges that defendants are potential claimants to surplus proceeds, in the amount of $148,300, that were generated after Plaintiff, as trustee, sold certain real property located in Fresno, California. On February 21, 2007, the United States timely removed this civil action as a matter of right from the Superior Court to this Court pursuant to 28 U.S.C. § 1444.

Defendant Cecil Morris held an interest in the subject property immediately prior to its sale which generated the excess proceeds. (Doc. 16, Undisputed Facts, ¶3.) The United States presents evidence that the United States has made assessments against Cecil Morris for his unpaid federal income tax liabilities, plus penalties and interest, for 2001, 2002, and 2003 ("tax years at issue"). (See Doc. 16, Undisputed Facts, ¶ 4.) As of August 30, 2007, Cecil Morris remains indebted to the United States for his unpaid federal income tax liabilities, plus penalties and interest, for the tax years at issue in the amount of $12,119.13. (Doc. 16, Undisputed Facts, ¶ 5.) As of November 30, 2007, the total amount due and owing to the United States, for tax years 2001, 2001 and 2003, through November 30, 2007, is $12,354.22.

The United States presents evidence that the total amount of the surplus proceeds generated from the sale of the subject property which form the basis of this action is $148,300. (Doc. 16, Undisputed Facts, ¶ 6.) Only defendants United States of America, Habitat for Humanity, and City of Fresno make a claim to the surplus proceeds. (Doc. 16, Undisputed Facts, ¶ 7.) The United States', Habitat for Humanity's, and the City of Fresno's claims against the surplus proceeds are $12,354.22, $117,166, and $1,262.94. (Doc. 16, Undisputed Facts, ¶¶ 4, 5, 7, 8, & 9.)

**ANALYSIS AND DISCUSSION**

**A.   Summary Judgment Standard**

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact." F.R.Civ.P. 56( c); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Poller v. Columbia*

1  *Broadcast System*, 368 U.S. 464, 467 (1962); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985);
2  *Loeh v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). The criteria of
3  "genuineness" and "materiality" are distinct requirements. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
4  242, 248 (1986). The requirement that an issue be "genuine" relates to the quantum of evidence the
5  plaintiff must produce to defeat the defendant's summary judgment motion. There must be sufficient
6  evidence "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S.
7  at 248.

8  "As to materiality, the substantive law will identify which facts are material." *Anderson*, 477
9  U.S. at 248. "[A] complete failure of proof concerning an essential element of the non-moving party's
10 case necessarily renders all other facts immaterial," and in such circumstances, summary judgment
11 should be granted "so long as whatever is before the . . . court demonstrates that the standard for entry
12 of summary judgment, as set forth in Rule 56( c), is satisfied." *Celotex Corp. v. Catarett*, 477 U.S. 317,
13 322 (1986). "If the party moving for summary judgment meets its initial burden of identifying for the
14 court those portions of the material on file that it believes demonstrates the absence of any genuine
15 issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific
16 facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors*
17 *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quoting F.R.Civ.P. 56(e)).

18 To establish the existence of a factual dispute, the opposing party need not establish a material
19 issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to
20 require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank*
21 *of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968) *T.W. Elec. Serv.*, 809 F.2d at 631. The opposing
22 party "must do more than simply show that there is some metaphysical doubt as to the material facts.
23 . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving
24 party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted). The
25 opposing party's evidence is to be believed and all reasonable inferences that may be drawn from the
26 facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255;
27 *Matasushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

28

**B. <u>Valid Tax Lien</u>**

Pursuant to 26 U.S.C. § 6321, the United States has a valid lien for taxes:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Under 26 U.S.C. § 6321, a federal tax lien may attach to "all property and rights to property" belonging to a taxpayer in default. *See Drye v. United States*, 528 U.S. 49 at 58-60, 120 S.Ct. 474 (1999) (holding that a federal tax lien properly attached to a state-law-created right to property that had pecuniary value). That lien attaches to all real or personal property belonging to the delinquent taxpayer and remains attached to that property until either the tax is paid or the lien becomes unenforceable because of lapse of time, i.e., upon expiration of the federal statute of limitations for collection of the underlying debt. See 26 U.S.C. § 6322; *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330 (9th Cir.1990).

Cecil Morris held an interest in the subject property which was sold, generating $148,300 in surplus proceeds. (Doc. 16, Undisputed Fact, ¶ 3.) The United States presents undisputed evidence that tax assessments were imposed upon Cecil Morris. (Doc. 16, Undisputed Fact, ¶4.)  And, Cecil Morris has not satisfied those assessments. (Doc. 16, Undisputed Fact, ¶5.)

The tax lien attaches to the proceeds of the sale of the real property.  If the property is sold, the tax lien attaches to the proceeds from the sale in an interpleader action. See, e.g., 26 U.S.C. §§ 6321 & 6322; *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516-17 (9th Cir. 1984).

The United States is entitled to full relief for its assessments made against Cecil Morris for the tax years at issue from the surplus proceeds because the amount of the proceeds is in excess of the total claims against it.  Accordingly, summary judgment on behalf of the United States is appropriate.

**C.    <u>Remand of this Case to State Court</u>**

Pursuant to 28 U.S.C. §§ 1444 and 2410, the United States removed this action from the California Superior Court for the County of Fresno.  The Court has granted the United States' claim for judgment.  Accordingly, the Court no longer has a basis for jurisdiction.  Therefore, this matter will be remanded to the Fresno County Superior Court for further proceedings.

**CONCLUSION**

For the foregoing reasons, this Court GRANTS the motion for summary judgment by the United States. The United States is awarded the full amount of Cecil Morris' unpaid federal income tax liabilities, plus penalties and interest, for 2001, 2002, and 2003 ($12,354.22 as of November 30, 2007) from the interpleader funds in this case. The clerk of the court is directed to issue payment from the Court's registry in this case to the United States, Internal Revenue Service, in the amount of $12,354.22.

The Court finds that the Court does not have federal jurisdiction. Accordingly, the Court HEREBY ORDERS that this action be remanded to Fresno County Superior Court.

IT IS SO ORDERED.

**Dated:   November 30, 2007**           /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE